FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ MAR 14 2011 ★

LONG ISLAND OFFICE

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern |
|---|---|
| Name: Alex Dayton | Docket or Case No. |
| Place of Confinement<br>Clinton Correctional Facility Main | Prisoner No: 07-A-0238 |
| Petitioner (include name under which convicted)<br>Alex Dayton     v. | Respondent (authorized person having custody of petitioner)<br>Thomas LaValley |
| The Attorney General of the State of: New York | |

PETITION

CV 11 1261
FEUERSTEIN, S

1.  (a) Name and location of court that entered the judgement of conviction you are challenging:

    Supreme Court of the State of New York, Suffolk County

    (b) Criminal docket or case number (if you know): 2921-05

2.  (a) Date of judgement of conviction (if you know): January 3, 2007

    (b) Date of sentencing: Unknown

3.  Length of sentence: 50 years

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ■ No ☐

5.  Identify all crimes of which you were convicted and sentenced in this case:

    One. (2) Counts Criminal Sexual Act in the First degree Penal Law §130.50.03,

    Two. (1) Count of Aggravated Sexual Abuse in the Second Degree, Penal Law § 137.67-1C

    Three. (1) Count of Sexual Abuse in the First Degree, Penal Law §130.65-03

    Four (1) Count of Endangering the Welfare of a Child Penal Law §260.10

    Five. (1) Count of Petit Larceny, Penal Law § 155.25

6.  (a) What was your plea? (Check one)

    (1)  Not guilty ■      (3)  Nolo contendere (no contest) ☐

    (2)  Guilty ☐          (4)  Insanity plea ☐

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

    (c) If you went to trial, what kind of trial did you have? (Check one)

    Jury ■      Judge only ☐

7.  Did you testify at either a pretrial hearing, trial or post-trial hearing?

      Yes ☐ No ■

8. Did you appeal from the judgement of conviction?

      Yes ■ No ☐

9. If you did appeal, answer the following:

   (a) Name of court: New York State Supreme Court Appellate Division, Second Department

   (b) Docket or case number (if you know): A.D. Case No. 2007-0465 Suffolk Co. No. 2921-05

   (c) Result: Affirmed (see "Exhibit A")

   (d) Date of result (if you know): October 13, 2009

   (e) Citation to the case (if you know): *People v. Alex Dayton,* 66 A.D. 3d 797, 887 N.Y.S. 2d 184,(2nd Dept. 10-13-09)

   (f) Grounds raised: <u>Appellate Counsel raised :</u>

<u>Point One: Trial Court Erred in Denying Defendant's Severance Motion.</u>
<u>Point Two: Trial Court Erred in not granting defendant's Motion to Dismiss.</u>
<u>Point Three: Trial Court Failed to adequately Charge the Jury.</u>
<u>Point Four: Trial Court Erred in its Huntley Hearing Ruling.</u>
<u>Point Five: Trial Court Erred in denying Defendant's Expert Request.</u>
<u>Point Six: Defendant received Ineffective Assistance of Counsel.</u>
<u>Point Seven: Defendant's Sentence was Excessive.</u>

   (g) Did you seek further review by a higher state court? Yes ■ No ☐

   If yes, answer the following:

   (1) Name of court: New York State Court of Appeals

   (2) Docket or case number (if you know):

   (3) Result: Leave to Appeal Denied (see "Exhibit B")

   (4) Date of result (if you know): December 15th, 2009

   (5) Citation to the case (if you know): *People v. Dayton,* 13 N.Y.3d 906, 895 N.Y.S. 2d 320.

   (6) Grounds raised: <u>Same Grounds from 9-F.</u>

   (h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐ No ■

      If yes, answer the following:

      (1) Docket or case number (if you know): N/A

      (2) Result: N/A

      (3) Date of result (if you know): N/A

      (4) Citation of the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgement of conviction in any state court?

      Yes ☐ No ■

11. If your answer to Question 10 was "Yes," give the following information:

   (a)    (1) Name of court:

         (2) Docket or case number (if you know)

    (3) Date of filing (if you know)

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐ No ☐ N/A

    (7) Result: Denied

    (8) Date of result (if you know):

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treatise of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** <u>Petitioner was denied his Due Process Right to a "Fair Trial", as enumerated under the Eighth and Fourteenth Amendments to the United States Constitution, where the Disparity in the Petitioner's Sentence was unequivocal punishment for executing his Constitutional Right to refuse to Plead Guilty and go to Trial instead.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): <u>Petitioner was punished for executing his "Constitutional Right" to go to Trial. Before Trial Petitioner was offered a Plea-Deal to take "Five Years in Prison" for the crimes he was charged. Petitioner refused the Plea-Deal and went to trial. Petitioner lost at Trial and was sentenced to "Fifty Years", a "45 year disparity" from the five year plea deal the petitioner was originally offered. Petitioner's Sentence was Excessive, Cruel and Unusual Punishment. Petitioner's Sentence should be reduced extensively.</u>

(b) If you did not exhaust your state court remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgement of conviction, did you raise the issue?

        Yes ■ No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐ No ■

(2) If your answer to Question (c)(1) is "Yes," state: Type of motion or petition: <u>Application to the New York State Court of Appeals seeking permission to Appeal the Denial of petitioner's Direct Appeal.</u>

Name and location of the court where the motion or petition was filed: <u>New York State Court of Appeals, 20 Eagle Street Albany New York 12207.</u>

Docket or case number (if you know):

Date of court's decision: December 15, 2009

Result (attach a copy of the court's opinion or order, if available): (see "Exhibit B")

(3) Did you receive a hearing on your motion or petition?
    Yes ☐  No ■

(4) Did you appeal from the denial of your motion or petition? N/A
    Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? N/A
    Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) That you have used to exhaust your state remedies on Ground One: <u>Petitioner filed Ground One, Disparity in the Petitioner's Sentence in his Direct Appeal, to the New York State Court of Appeals, and in this Habeas Corpus to your Honorable Court.</u>

**GROUND TWO:** <u>Petitioner was denied his Due Process Right to a "Fair Trial" as enumerated under the Sixth and Fourteenth Amendments to the United States Constitution, where the Trial Court Erred in its Reasonable Doubt Instruction.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): <u>The Jury Instruction improperly diminished the Peoples Burden of Proof.</u>

(b) If you did not exhaust your state court remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgement of conviction, did you raise the issue?
        Yes ■  No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state

trial court?
      Yes ☐  No ■

(2) If your answer to Question (c)(1) is "Yes," state: Type of motion or petition: <u>Application to the New York State Court of Appeals seeking permission to Appeal the Denial of petitioner's Direct Appeal.</u>

Name and location of the court where the motion or petition was filed: <u>New York State Court of Appeals, 20 Eagle Street Albany New York 12207.</u>

Docket or case number (if you know):
Date of court's decision: December 15, 2009
Result (attach a copy of the court's opinion or order, if available): (See Exhibit B)
(3) Did you receive a hearing on your motion or petition?
      Yes ☐  No ■
(4) Did you appeal from the denial of your motion or petition? N/A
      Yes ☐  No ☐
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? N/A
      Yes ☐  No ☐
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the motion or petition was filed:
Docket or case number (if you know): _____
Date of court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>
_____
_____
_____
_____

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) That you have used to exhaust your state remedies on Ground Two: <u>Petitioner filed Ground Two, Evidence at Trial was Insufficient to find the petitioner guilty of every element of the Crimes Charged Beyond a Reasonable Doubt, in his Direct Appeal, to the New York State Court of Appeals, and in this Habeas Corpus to your Honorable Court.</u>

**GROUND THREE:** <u>Petitioner was denied his Due Process Right to a "Fair Trial" as enumerated under the Sixth and Fourteenth Amendment to the United States Constitution, where petitioner received Ineffective Assistance of Counsel where Trial Counsel failed to call any Expert witnesses on petitioner's behalf.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): <u>Petitioner's Trial Counsel's performance was deficient for waiting over two-hundred days before requesting an Expert witness to testify on petitioner's behalf.</u>

(b) If you did not exhaust your state court remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgement of conviction, did you raise the issue?

        Yes ■ No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐ No ■

    (2) If your answer to Question (c)(1) is "Yes," state: Type of motion or petition: <u>Application to the New York State Court of Appeals seeking permission to Appeal the Denial of petitioner's Direct Appeal.</u>

Name and location of the court where the motion or petition was filed.: <u>New York State Court of Appeals, 20 Eagle Street Albany New York 12207.</u>

    Docket or case number (if you know):
    Date of court's decision: December 15, 2009
    Result (attach a copy of the court's opinion or order, if available): (see "Exhibit B")

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐ No ■

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐ No ■

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?

        Yes ☐ No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:
    Name and location of the court where the motion or petition was filed:
    Docket or case number (if you know):
    Date of court's decision: _____
    Result (attack a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) That you have used to exhaust your state remedies on Ground Three: <u>Petitioner filed Ground Three, where petitioner received Ineffective Assistance of Counsel, where Trial Counsel failed to call any Expert witnesses on petitioner's behalf, in his Direct Appeal, to the New York State Court of Appeals, and in this Habeas Corpus to your Honorable Court.</u>

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): N/A

(b) If you did not exhaust your state court remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground Four:**
    (1) If you appealed from the judgement of conviction, did you raise the issue? N/A
        Yes ☐  No ☐
    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
        Yes ☐  No ☐
    (2) If your answer to Question (d)(1) is "Yes," state: N/A
    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A
    Date of court's decision: N/A
    Result (attack a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion or petition? N/A
        Yes ☐  No ☐
    (4) Did you appeal from the denial of your motion or petition? N/A
        Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? N/A
Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A
Date of court's decision: N/A
Result (attack a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) That you have used to exhaust your state remedies on Ground Four: N/A

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes ■ No ☐

   If your answer is "No," state which grounds have not been presented and give your reason(s) for not presenting them: N/A

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: No

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you are challenging in this petition?   Yes ☐ No ■

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result of each petition, application or motion filed. Attach a copy of any court opinions or orders, if available. N/A

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgement you are challenging? Yes ☐ No ■

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgement you are challenging:

   (a) At preliminary hearing: Unknown

   (b) At arraignment: Petitioner is not sure of the Attorney's name at his arraignment.

    (c) At trial: Petitioner was represented by the Legal Aid Society, Stephen N. Preziosi Esq., 400 Carleton Ave, Central Islip N.Y. 11722

    (d) At sentencing: At sentencing Petitioner was represented by the Legal Aid Society, Stephen N. Preziosi Esq., 400, Carleton Ave, Central Islip N.Y. 11722

    (e) On Direct appeal: Petitioner was originally assigned Robert C. Mitchell Esq. on February 28, 2007, then on June 11th, 2007, Robert C. Mitchell was relieved and Salvatore C. Adamo Esq., 414, W. Sunrise Highway, Patchogue, N.Y. 11772-2254 was assigned.

    (f) In any post-conviction proceeding: None

    (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgement that you are challenging?   Yes ☐   No ■

    (a) If you so, give the name and location of court that imposed the other sentence you will serve in the future: N/A

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any petition that challenges the judgement or sentence to be served in the future?   Yes ☐   No ☐   N/A

18. TIMELINESS OF PETITION: If your judgement of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

<u>Petitioner's Direct Appeal was affirmed on October 13th, 2009, The New York State Court of Appeals Denied petitioner's Direct Appeal Application on December 15th, 2009. Pursuant to the Statute of Limitations the petitioner is allowed "90 days" after the Court of Appeals denies Petitioner's Application which would be March 14th, 2010, the petitioner is allowed "One year" from March 14th, 2010, to file his Writ of Habeas Corpus, giving the petitioner until March 14, 2011, to have his Writ of Habeas Corpus Filed.</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("A.E.D.P.A.") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgement becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the

Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period limitation under this subsection.

**Wherefore,** the undersigned Petitioner prays that the Application for a Writ of Habeas Corpus be granted, and such other and further relief as this Court may deem, just proper and equitable.

N/A_____
Signature of Attorney (if any)

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of *Habeas Corpus* was placed in the prison mailing system on March 9, 2011 (month, date, year).

Executed on March 9, 2011.

*alex Dayton*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition N/A_____

# EXHIBIT "A"

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D24565
G/hu

_____AD3d_____

Submitted - September 15, 2009

REINALDO E. RIVERA, J.P.
ANITA R. FLORIO
HOWARD MILLER
LEONARD B. AUSTIN, JJ.

2007-00465

DECISION & ORDER

The People, etc., respondent,
v Alex Dayton, appellant.

(Ind. No. 2921-05)

Salvatore C. Adamo, Patchogue, N.Y., for appellant.

Thomas J. Spota, District Attorney, Riverhead, N.Y. (Michael J. Miller of counsel; Rachel Weismann on the brief), for respondent.

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered January 3, 2007, convicting him of criminal sexual act in the first degree (two counts), aggravated sexual abuse in the second degree, sexual abuse in the first degree, endangering the welfare of a child, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

ORDERED that the judgment is affirmed.

The County Court properly denied the defendant's motion to sever certain counts in the indictment, since the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the other counts in the indictment (*see* CPL 200.20[2][b]). Since the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them (*see* CPL 200.20[3]; *People v Bongarzone*, 69 NY2d 892, 895; *People v Salnave*, 41 AD3d 872, 873).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

October 13, 2009

Page 1.

PEOPLE v DAYTON, ALEX

a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633).

The defendant's contention that a portion of his confession should have been suppressed because *Miranda* warnings (*see Miranda v Arizona*, 384 US 436) were not readministered to him immediately prior to his making that statement is without merit. "[W]here a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (*People v Hasty*, 25 AD3d 740, 741 [internal quotation marks and citations omitted]). Here, the evidence adduced at the *Huntley* hearing (*see People v Huntley*, 15 NY2d 72) demonstrated that the defendant waived his *Miranda* rights on three occasions prior to making the statement in question within a reasonable time thereafter, and that he was continuously in police custody.

Furthermore, the County Court did not err in denying the defendant's application, made on the eve of trial and 299 days after he entered a plea of not guilty to the indictment, for the appointment of experts. The decision rested in the trial court's discretion (*see People v Almonor*, 93 NY2d 571; *People v Berk*, 88 NY2d 257, 265-266, *cert denied* 519 US 859; *People v Di Donato*, 87 NY2d 992; *People v Hill*, 10 AD3d 310, 314), and given the lateness of the application and the defendant's failure to offer any good cause for the delay, the court providently exercised that discretion.

The defendant received the effective assistance of counsel, under both the state constitutional standard (*see People v Caban*, 5 NY3d 143, 152; *People v Benevento*, 91 NY2d 708, 712; *People v Baldi*, 54 NY2d 137, 146-147), and the federal constitutional standard (*see Strickland v Washington*, 466 US 668).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80). Contrary to the defendant's contention, the court properly imposed consecutive sentences upon the convictions of criminal sexual act in the first degree, charged in the first two counts of the indictment, as each count involved a separate sexual act constituting a distinct offense (*see People v Colon*, 61 AD3d 772, 773; *People v Gersten*, 280 AD2d 487, 487).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit.

RIVERA, J.P., FLORIO, MILLER and AUSTIN, JJ., concur.

SUPREME COURT, STATE OF NEW YORK
APPELLATE DIVISION SECOND DEPT
ENTER:

I, JAMES EDWARD PELZER, Clerk of the Appellate Division of the Supreme Court, Second Judicial Department, do hereby certify that I have compared this copy with the original filed in my office on OCT 13 2009 and that this copy is a correct transcription of said original.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of this Court on OCT 13 2009

James Edward Pelzer
Clerk of the Court

October 13, 2009

PEOPLE v DAYTON, ALEX

Page 2.

# EXHIBIT "B"

# State of New York
# Court of Appeals

BEFORE: HON. VICTORIA A. GRAFFEO,
                                              Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

                                Respondent,

               -against-                           **CERTIFICATE**
                                                        **DENYING**
ALEX DAYTON,                                      **LEAVE**

                                Appellant.

      I, VICTORIA A. GRAFFEO, Associate Judge of the Court of Appeals of the State of New York, do hereby certify that upon application timely made by the above-named appellant for a certificate pursuant to section 460.20 of the Criminal Procedure Law and upon the record and proceedings herein,* there is no question of law presented which ought to be reviewed by the Court of Appeals and permission is hereby denied.

Dated: December 15th, 2009

   at Albany, New York

                                                                 _Victoria A. Graffeo_
                                                                      Associate Judge

* Order of the Appellate Division, Second Department, entered October 13, 2009, affirming a judgment of the County Court, Suffolk County, rendered January 3, 2007.