UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALEX DAYTON,

                    Petitioner,                    **ANSWER/RETURN**

    - versus -

                                                     CV-11-1261 (SJF)

THOMAS LAVALLEY, Superintendent
Clinton Correctional Facility,

                                                     Return Date: 6/20/11

                    Respondent.
-----------------------------------------------------------X

       MICHAEL J. MILLER, pursuant to 28 U.S.C. §1746, affirms to the best of my knowledge that:

       1. I am an attorney at law admitted to practice before this Court and an Assistant District Attorney of Suffolk County, of counsel to THOMAS J. SPOTA, District Attorney of Suffolk County, New York, and the attorney of record for Thomas LaValley, Superintendent of the Clinton Correctional Facility, Respondent. Factual statements made in this Answer/Return are based on information from our file for this case; because of the source of the information I believe the factual statements are correct.

       2. Alex Dayton (Dayton or petitioner) petitions this Court to issue a writ of habeas corpus because of alleged violations of trial rights guaranteed to him by the Constitution of the United States of America.

       3. Dayton alleges three errors in support of his petition:

- o That his right to due process of law and a fair trial was violated when he received a disproportionally greater sentence after trial in comparison to the pre-trial plea and sentencing offer;

- o That he was denied due process of law and a fair trial when because the trial court's reasonable doubt instruction diminished the prosecutions' burden of proof; and

- o That he was denied due process of law and a fair trial because his trial attorney provided ineffective assistance of counsel.

4. Each of these issues was raised in his brief for his direct appeal to the Appellate Division, Second Judicial Department, albeit in different order and form. In Point VII of his brief, Dayton argued that his sentence was excessive because it was imposed as retribution for him exercising his right to go to trial. In Point III he maintained that the trial court erred in its reasonable doubt instruction because the charge diminished the prosecutions' burden of proof. And in Point VI of his brief on direct appeal, petitioner argued that he was denied the effective assistance of counsel because trial counsel failed to make a timely request to present expert testimony.

5. The responsive brief answered each of Dayton's arguments. In Point Seven respondent argued that petitioner's sentence was neither harsh nor excessive. Point Three presented the argument that the jury charge was proper in all respects. And in Point Six respondent maintained that petitioner received the effective assistance of trial counsel.

6. On October 13, 2009, the Appellate Division, Second Judicial Department, published its Decision & Order in this case. The court held that petitioner's sentence was not excessive and that the trial court did not err when it denied Dayton's motion for the appointment of experts. Additionally, trial counsel provided effective assistance of counsel under both the state and federal standards of review. The Appellate Division addressed other issues raised by petitioner but held that his argument about the jury charge was not preserved for review and was, in ay

event, without merit.  Respondent had maintained that this issue was not preserved for review.  Dayton's judgment of conviction was, therefore, affirmed.

7.  Next, petitioner made a timely application to the Court of Appeals of the State of New York.  In his application, Dayton referred to both the sentencing and ineffectiveness issues and referred the Court to his brief regarding the claim that the jury instructions were erroneous.  We responded to petitioner's assertion by referring the court to our Appellate Division brief.  On December 15, 2009, the Court of Appeals (Graffeo, J.) denied Dayton's application for leave to appeal.

8.  According to our records, there have been no state court proceedings since leave to appeal to the Court of Appeals was denied.

9.  The time stamp on the petition indicates that it was filed on March 14, 2011.  It appears, therefore, that the petition was timely filed.

10.  Nevertheless, the petition for a writ of habeas corpus should be denied.  The jury charge issue was not preserved for appellate review and the Appellate Division declined to review it because of this procedural default.  This issue should not be reviewed here because an adequate and independent state law ground exists for the decision of the Appellate Division.

11.  Furthermore, there is no merit to Dayton's arguments that his federal constitutional rights were violated.  In other words, petition has not established that the decision of the Appellate Division is contrary to or an unreasonable application of controlling federal authority as determined by the Supreme Court of the United States.  The accompanying Memorandum of Law provides further support for respondent's position.

12. On June 14, 2011, respondent requested the Closed Actions Clerk of the Suffolk County Clerk's Office send the state court file and transcript of the trial of this case to the Clerk of the Eastern District in Central Islip.

13. Attached as Exhibits to this Answer/Return are:

> 1) Petitioner's Appellate Division brief;
> 2) Respondent's Appellate Division brief;
> 3) Decision & Order of the Appellate Division, affirming petitioner' judgment of conviction;
> 4) Petitioner and respondent's letters to the Court of Appeals with regard to the application for leave to appeal; and
> 5) Certificate denying leave to appeal to the Court of Appeals.

WHEREFORE, the petition for a writ of habeas corpus should be denied.

I declare, under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct to the best of my knowledge.

DATED   June 20, 2011
        Riverhead, New York

                                THOMAS J. SPOTA

                                District Attorney of Suffolk County
                                200 Center Drive
                                Riverhead, New York  11901
                                (631) 852-2500

                                By:  MICHAEL J. MILLER (2206)
                                Assistant District Attorney
                                Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2011, the foregoing document was filed with the Clerk of the Court, and a hard copy was served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules and/or the Eastern District's Rules on Electronic Service, upon the following parties and participants:

    Alex Dayton, #07-A-0238
    Clinton Correctional Facility
    P.O. Box 2000
    Dannemora, New York  12929

                                        Michael J. Miller
                                        Assistant District Attorney

                                        Suffolk County District Attorney's Office
                                        Criminal Courts Building
                                        200 Center Drive
                                        Riverhead, New York  11901