UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Alex Dayton,

                        Petitioner,

       -against-

Thomas LaValley, Superintendent of Clinton
Correctional Facility,

                      Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CV-01261 (DG) (CLP)

DIANE GUJARATI, United States District Judge:

On March 9, 2011,[1] *pro se* Petitioner Alex Dayton, incarcerated at Clinton Correctional Facility in Dannemora, New York, filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his conviction and sentence in County Court, Suffolk County for two counts of criminal sexual act in the first degree, in violation of N.Y. Penal Law § 130.50; one count of aggravated sexual abuse in the second degree, in violation of N.Y. Penal Law § 130.67; one count of sexual abuse in the first degree, in violation of N.Y. Penal Law § 130.65; one count of endangering the welfare of a child, in violation of N.Y. Penal Law § 260.10; and one count of petit larceny, in violation of N.Y. Penal Law § 155.25.  *See* Petition at 1, 10, ECF No. 1.  On June 20, 2011, Respondent filed an Answer/Return, *see* ECF Nos. 7-8, and on July 15, 2011, Petitioner filed a Traverse/Reply, *see* ECF Nos. 10-12.

On January 15, 2014, United States District Judge Thomas C. Platt denied the Petition. *See* Memorandum & Order, ECF No. 14.  On October 15, 2014, the United States Court of Appeals for the Second Circuit dismissed Petitioner's appeal for lack of jurisdiction because the

---

[1]  Although the filing date reflected on the docket is March 14, 2021, the earlier date is the operative date under the "prison mailbox rule."  *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001).

district court did not address all of the claims raised in the Petition.  *See* Mandate, ECF No. 22.

The Second Circuit concluded that the district court did not rule on Petitioner's claims that:

> (1) his counsel failed to call an expert to testify about false confessions and
> [Petitioner's] mental illness; (2) the evidence was insufficient; (3) his statements
> to the police should have been suppressed; (4) the trial court erroneously denied
> his motion to sever (framed as an ineffective assistance claim); (5) his counsel
> should have objected to the jury charge; and (6) the trial court erroneously denied
> his motion for a circumstantial evidence jury instruction.

*Id.* at 2.  The Second Circuit remanded the case "so that the district court can consider all of

[Petitioner's] claims."  *Id*.  In so doing, the Second Circuit accounted for the possibility that

Judge Platt had indeed intended for the judgment entered to apply to the claims identified by the

Second Circuit as unaddressed (hereinafter, the "remaining claims") and indicated that, if so, the

district court could so clarify and re-enter final judgment.  *See id*.

On February 12, 2021, the case was reassigned to the undersigned.  On July 6, 2021, I

referred the Petition to Chief Magistrate Judge Cheryl L. Pollak for a Report and

Recommendation ("R&R").  *See* July 6, 2021 Order.

On July 29, 2021, Judge Pollak issued a thorough and well-reasoned R&R recommending

that I deny the remaining claims identified by the Second Circuit.  *See* R&R, ECF No. 25.  No

objection has been filed to the R&R, and the time for doing so has passed.  *See id.* at 33.

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

72(b).  To accept those portions of an R&R to which no timely objection has been made, "a

district court need only satisfy itself that there is no clear error on the face of the record."  *Jarvis*

*v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks

omitted).  Clear error will be found only when, upon review of the entire record, the Court is left

with "the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks omitted).

I have reviewed Judge Pollak's R&R and, having found no clear error, adopt the R&R in its entirety.  The Petition is therefore DENIED.

The Court will not issue a certificate of appealability as Petitioner has not "made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).[2] Petitioner, however, has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit.  *See* 28 U.S.C. § 2253(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, denies *in forma pauperis* status for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment accordingly, mail a copy of this Order to Petitioner, and close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: August 26, 2021
Brooklyn, New York

---

[2] On March 27, 2014, Judge Platt granted Petitioner's Motion for a Certificate of Appealability by signing that document.  *See* ECF Nos. 17-18.  The Second Circuit directed that, on remand, the district court specify the issue or issues on which it granted a certificate of appealability. *See* Mandate at 2.  The record does not indicate on which issue(s) Judge Platt granted a certificate of appealability.  As noted above, the Court declines to issue a certificate of appealability.